UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM A. NELSON, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>RECEIVABLES OUTSOURCING, LLC, INSPIRA, and JOHN DOES 1-25.<br><br>Defendants. | Civil Case No.: _____<br><br>Civil Action<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, WILLIAM A. NELSON, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, RECEIVABLES OUTSOURCING, LLC, INSPIRA, and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of the FDCPA, 15 U.S.C. § 1692 *et seq.,* and Telephone Protection Act of 1991 (hereinafter "TCPA"), 47 U.S.C. § 227, *et seq*.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the acts of the Defendants that give rise to this action occurred in substantial part in this district.

4. At all times alleged in this Complaint, Plaintiff has and continues to be a resident of Gloucester County, New Jersey. Venue is this vicinage is proper because all the acts by the

Defendants which give rise to this action occurred while Plaintiff was a resident of Gloucester County, New Jersey.

## DEFINITIONS

5.   The FDCPA, 15 U.S.C. § 1692 *et seq.*, is the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA, provides monetary damages to consumers, counsel fees and costs, and a means to secure monetary and equitable relief as may be appropriate in each case.

6.   As used in reference to the FDCPA, the terms "creditor", "consumer", "debt", and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

7.   As used in reference to the TCPA, the term "automated dialing system" ("ATDS") is defined in U.S.C. § 227(a)(1) of the TCPA.

## PARTIES

8.   Plaintiff is a natural person and a resident of Gloucester County, New Jersey, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.   Receivables Outsourcing, LLC (hereinafter "ROI"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6) with its principle offices located in Timonium, Maryland.

10.   ROI and/or Inspira are "creditors" as defined by 15 U.S.C. § 1692a(4).

11.   The obligation that ROI was attempting to collect is a "debt" as defined by 15 U.S.C. § 1692a(5).

12.   Upon information and belief, Inspira is a business is a business in the State of New Jersey engaged in the business of providing services which are subject of the transaction and are primarily for personal, family or household purposes.

13. John Does 1-25 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

**STATEMENT OF FACTS COMMON TO ALL COUNTS OF THE COMPLAINT**

14. Inspira is the original creditor who retained, assigned and or sold debt allegedly owed to Defendant ROI.

15. At all times alleged in this Complaint, ROI utilized an ATDS as defined herein and under the TCPA, to call consumers on their cell phones without prior express consent.

16. At all time alleged in this Complaint, Inspira retained a debt collector (ROI) to collect on an account where Defendant ROI utilized an ATDS to call consumers on their cell phones without prior express consent.

17. At all relevant times alleged in this Complaint, and for a period of four (4) years prior to the filing of the Complaint, Defendants called cell phone numbers without prior express consent utilizing an ATDS.

18. At all relevant times alleged in this Complaint, and for a period of four (4) years prior to the filing of the Complaint, Defendants called cell phone numbers without prior express consent using an artificial and/or pre-recorded voice.

19. The voice mail message received by Plaintiff and the other consumers was:

> "Hello. This is a private message for (name). If you are not (name), please hang up or disconnect. If you are (name), please continue to listen to this message. There will be a three (3) second pause to allow you to listen to this message in private. By continuing to listen to this private message, you acknowledge that you (name). This call is from a debt collector. We are calling from Receivables Outsourcing, LLC. This is an attempt to collect a debt, and any information obtained will be used for that purpose. Please return the call to talk about a confidential business matter at 1-800-234-1357. Again, that number is 1-800-234-1357. Thank you."

## COUNT ONE

## CLASS ACTION ALLEGATIONS- FDCPA

20. Plaintiff brings this action as a nationwide class action pursuant to FRCP on behalf of himself and all consumers nationwide and their real successors in interest (the "Class"), who were called by ROI on their cell phones using an ATDS without prior consent, and received automated voice mail messages on their cell phone as described herein.

21. Plaintiff brings this action as a nationwide class action pursuant to FRCP on behalf of himself and all consumers nationwide and their real successors in interest (the "Class"), who were called by ROI on their cell phones using an ATDS without prior consent, and left voice mail messages that are pre-recorded and/or artificial voice.

22. Plaintiff brings this action as a nationwide class action pursuant to Rule 23 of FRCP on behalf of himself and the "Class", who verbally disputed the debt and did not have their debt marked as disputed by ROI and/or Inspira and/or their agents, servants and employees.

23. Plaintiff brings this action as a nationwide class action pursuant to Rule 23 of FRCP, on behalf of himself and all consumers nationwide and their real successors in interest the "Class", who were not provided any documents by ROI and/or Inspira and/or their agents, servants, employees, and/or Inspira and/or their agents, servants and employees validating the alleged debt to ROI.

24. Plaintiff brings this action as a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself the "Class", who were given false and misleading information by ROI and/or its agents, servants or employees indicating that it was the debtor's burden to prove that he/she did not owe the debt.

25. All consumers nationwide who were called and left messages by ROI and/or Inspira and/or their agents, servants or employees concerning a debt owed to ROI and/or

another creditor suffered at least one of the alleged violations of 15 U.S.C. § 1692, *et seq.* herein.

27. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were called on cell phones utilizing ATDS and/or received automated messages in violation of the TCPA and/or FDCPA.

28. Plaintiff is complaining of a standardized recorded voice mail message left by Defendants when calling consumers (except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, redacted account numbers and/or personal identifiers to protect Plaintiff's privacy).

29. Plaintiff is complaining of a practice of ROI and/or Inspira and/or their agents, servants, employees and/or representatives of misrepresenting that the consumer is required to validate his/her own disputed debt.

30. Plaintiff is complaining of a practice of ROI and/or Inspira and/or their agents, servants, employees and/or representatives of failing to mark a debt disputed and continuing to attempt to collect on a disputed debt.

31. Plaintiff is complaining of a uniform and/or standard practice by Defendants in failing to mark consumer accounts disputed, and failing to provide documentation validating the alleged debt.

32. There are questions of law and facts which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including, but not limited to:

        1. 15 U.S.C. §§ 1692(c)b; 1692d; 1692e; 692e(10); 1692f; and 1692, *et seq.*;

      b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

33. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

34. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

35. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

36. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this Class Action.

37. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained herein. Absent a Class Action, Class members will continue to suffer losses of statutorily protected rights, as well as

monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds from their ill-gotten gains.

38. Defendants have acted on grounds generally applicable to the entire Class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal and New Jersey law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

40. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

41. The obligation that ROI was attempting to collect is a "debt" as defined by 15 U.S.C. § 1692a(5).

**STATEMENT OF FACTS- FDCPA**

42. Plaintiff repeats and realleges the contents of all preceding paragraphs as set forth at length herein.

43. Plaintiff's obligation arose out of a transaction in which money, property, insurance or services, where are the subject of the transaction, are primarily for personal, family or household purposes.

44. Upon information and belief, ROI uses the mail, telephone and facsimile and regularly engages in business which principally consists of purchasing and/or attempting to collect debts alleged to be owed to ROI and/or another creditor.

7

45. Sometime prior to March 31, 2017, Plaintiff allegedly incurred a financial debt to an Inspira creditor.

46. Upon information and belief, sometime prior to March 31, 2017, Inspira assigned and/or sold a debt allegedly owed by Plaintiff to ROI for collection.

47. As a person who received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interest antagonistic to any member of the Class.

48. At the time Inspira assigned and/or sold the debt to ROI, the debt was in default and/or past due.

49. On multiple occasions beginning in March 2017, Defendants call Plaintiff's cell phone ending in 1302 after Plaintiff disputed he owed the debt.

50. On multiple occasions beginning in March 2017, Defendants called Plaintiff's cell phone ending in 1302 after Plaintiff disputed the debt, and without providing validation documents.

51. On multiple occasions beginning in early March 2017, Defendants caused Plaintiff's cell phone ending in 1302 to ring at inconvenient times.

52. On multiple occasions beginning in early March 2017, Defendants left automated voice mail messages as quoted *infra* which were overheard by persons other than Plaintiff.

53. The message left on Plaintiff's cell phone violates 15 U.S.C. § 1692c(b) in that the voice mail messages were overheard by Plaintiff's adult children.

54. On multiple occasions beginning in early March 2017, Defendants left voice mail messages as quoted above which would automatically display in text form on the screen of Plaintiff's cell phone.

55. The aforesaid automated artificial voice message as described *infra*, was displayed on the screen of Plaintiff's cell phone where persons other than Plaintiff were able to view the message.

56. The message left on Plaintiff's cell phone violates 15 U.S.C. § 1692c(b) in that the voice mail message was displayed in text format on Plaintiff's cell phone where it was seen by Plaintiff's adult children and other third-parties.

57. The telephone number Defendants called were assigned to a cellular telephone service for which the Plaintiff incurred charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

58. The telephone calls to Plaintiff were a "communication" as defined by 15 U.S.C. § 1692a(2).

59. After receiving a written communication from ROI in March 2017, Plaintiff called ROI and spoke with a representative regarding the alleged unpaid debt. At that time, Plaintiff informed the ROI agent/servant/employee/representative that his insurance company should have covered the bill, and he disputed that he owed the debt.

60. As a direct and proximate result of the violations of the Defendants, Plaintiff has suffered actual damages.

61. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and TCPA.

62. Communications such as those by Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

63. The information given by ROI and/or its agents, servants, employees and/or representatives was false and misleading to the least sophisticated consumer when:

   a. They told the consumer that he was required to contact his insurance carrier to validate the alleged debt;

   b. They failed to mark the alleged debt disputed;

   c. They led the consumer to believe that the creditor was not required to validate the debt;

   d. They led the consumer to believe that it was his responsibility to prove that he did not owe the debt; and

   e. They continued to attempt to collect on a debt that was disputed without validating the debt.

64. ROI's false, misleading and deceptive acts and/or admissions are material to the "least sophisticated consumer".

65. Defendants violated 15 U.S.C. § 1692e(10) of the FDCPA by using false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

66. Defendants violated 15 U.S.C. § 1692e(10) of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

67. Defendants violated 15 U.S.C. § 1692e(10) of the FDCPA by failing to temporarily suspend collection efforts and validate the debt.

68. Defendants violated 15 U.S.C. § 1692e(5) by stating that Plaintiff was required to contact the insurance company and/or creditor to prove that the debt was owed.

69. Defendants violated 15 U.S.C. § 1692e(5) by failing to obtain validation of the debt and continuing to collect on the debt.

70. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

71. ROI's false, misleading and deceptive acts and/or admissions are material to the "least sophisticated consumer".

72. Defendants violated 15 U.S.C. § 1692g of the FDCPA by failing to cease collection of the debt until verification of the debt was confirmed

73. Section 1692f, *et seq*. of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

74. Defendants utilized unfair and/or unconscionable means to collect or attempt to collect a debt by indicating to Plaintiff that he was required to contact the creditor to dispute the debt.

75. Defendants utilized unfair and/or unconscionable means to collect or attempt to collect a debt by indicating to Plaintiff that he was required to contact the creditor to have the debt validated.

76. Defendants utilized unfair and/or unconscionable means to collect or attempt to collect a debt by continuing to attempt to collect on a debt that Plaintiff disputed.

77. Defendants utilized unfair and/or unconscionable means to collect or attempt to collect a debt by failing to mark the debt disputed.

78. Defendants utilized unfair and/or unconscionable means to collect or attempt to collect a debt by failing to obtain validation of the debt for Plaintiff.

79. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt by failing to order validation documents.

## PRAYER FOR RELIEF

The foregoing acts and omissions of Defendants jointly, severally, individually and in the alternative, constitute numerous and multiple negligent violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of 15 U.S.C. § 1692, *et seq*.

11

**WHEREFORE**, Plaintiff and on behalf of the Class members, demand judgment against Defendants jointly, severally, individually, and in the alternative for the following relief:

- $1,000.00 statutory damages, for Plaintiff and each Class member;
- Incentive award to Plaintiff as Class representative;
- Injunctive relief prohibiting said practices;
- Counsel fees and costs of suit;
- Pre- and post-judgment interest; and
- Any other relief as the Court deems equitable and just.

## COUNT TWO

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, *et seq*. CLASS ACTION ALLEGATIONS- TCPA

80. Plaintiff repeats and realleges the contents of all previous paragraphs as if set forth at length herein.

81. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were called on cell phones utilizing ATDS and/or received automated messages in violation of the TCPA and/or FDCPA.

82. The Class period for this TCPA action is four (4) years retroactively from the date of filing of the Complaint.

83. Plaintiff brings this action as a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers nationwide and their real successors in interest (the "Class"), who were called by ROI and received automated voice mail messages on their cell phone as described herein.

83. The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

84. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

85. Beginning in March 2017 and continuing to the present date, ROI and/or Inspira, and/or their agents servants, employees and/or representatives called Plaintiff's cellular telephone (ending in 1302) utilizing an ATDS without prior express consent.

86. Plaintiffs did not provide "prior express consent" to receive telephone calls from Defendant using an artificial or prerecorded voice utilizing an ATDS, as required by 47 U.S.C. § 227(b)(1)(A).

87. These telephone calls by Defendants or its agents were therefore in violation of 47 U.S.C. § 227(b)(1).

88. At no time prior to March 2017, did Plaintiff give express written consent to permit Defendants to call his cell phone using an ATDS.

89. In the alternative, Plaintiff revoked any express consent to be called utilizing and ATDS when he disputed the validity of the debt.

90. On multiple occasions from March 2017 to present, Defendants called Plaintiffs cell phone utilizing and ATDS and pre-recorded voice.

91. On multiple occasions from March 2017 to present, Defendants called Plaintiffs cell phone and left automated voicemail messages.

92. 47 U.S.C. § 227(b)(1)(A) prohibits any person within the United States, or any person outside the United States if the recipient is within the United States to call cell phone number (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice.

93. As a result of Defendants negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs and the Class are entitled to a minimum award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

94. Further, in accordance with 47 U.S.C. § 227(b)(3)(C), if the Court finds that the Defendants wilfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount not more then three (3) times the amount available under subparagraph (b) of this paragraph.

## COUNT THREE

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*.

94. Plaintiff repeats and realleges the contents of all previous paragraphs as if set forth at length herein.

95. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

96. Defendants have the ability to scrub for cell phone numbers and to dial them manually.

97. Defendants failed to obtain express consent to call Plaintiff's cell phone using an ATDS.

98. Defendants failed to obtain express consent to call Plaintiff's cell phone to leave an automated, pre-recorded voice mail message.

99. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

100.    Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

**WHEREFORE**, Plaintiff and on behalf of the Class members, demand judgment against Defendants jointly, severally, and in the alternative for the following relief:

- $500.00 minimum statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1);

- Treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

- Incentive for Plaintiff as Class representative;

- Counsel fees and costs of suit;

- Pre- and post-judgment interest;

- Injunction preventing the Defendants from using the aforesaid acts in the future; and

- Any other relief as the Court deems equitable and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Cheryl L. Cooper, Esquire as trial counsel in this matter.

## **CERTIFICATION**

The undersigned counsel hereby certifies that there are no other actions or arbitrations pending or contemplated at this time involving the subject matter of this controversy. The undersigned counsel also certifies that there are no additional known parties who should be joined to the present action at this time. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


Dated:  11/12/17                                    /s/ *Cheryl L. Cooper*
                                                    CHERYL L. COOPER, ESQUIRE
                                                    Attorney for Plaintiffs