## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| William A. NELSON, | |
| Plaintiff, | Civil No. 17-11543 (RBK/AMD) |
| v. | **OPINION** |
| RECEIVABLES OUTSOURCING, LLC, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This Fair Debt Collection Practices Act ("FDCPA") and Telephone Consumer Protection Act ("TCPA") action now comes before the Court on Defendant's unopposed Motion to Dismiss. (ECF No. 7.) Defendant seeks dismissal of Plaintiff's FDCPA claims. As explained below, Plaintiff has not adequately pleaded violations of the FDCPA and Defendant's motion is, accordingly, **GRANTED**.

### I. BACKGROUND

Plaintiff William A. Nelson, and allegedly other individuals, received the following voicemail:

> Hello. This is a private message for (name). If you are not (name), please hang up or disconnect. If you are (name), please continue to listen to this message. There will be a three (3) second pause to allow you to listen to this message in private. By continuing to listen to this private message, you acknowledge that you (name). This call is from a debt collector. We are calling from Receivables Outsourcing, LLC. This is an attempt to collect a debt, and any information obtained will be used for that purpose. Please return the call to talk about a confidential business matter at 1-800-234-1357. Again, that number is 1-800-234-1357. Thank you.

(Compl. at ¶ 19.) The Court infers that "(name)" is actually Plaintiff's own name, though that is not stated in the complaint.

After several pages of conclusory class allegations, some other facts emerge. Plaintiff incurred a debt to the company Inspira, who then assigned the debt to Receivables Outsourcing, LLC ("Defendant"), a debt collection agency based out of Maryland. (*Id.* at ¶¶ 45–46.) At the time the debt was assigned to Defendant, "the debt was in default." (*Id.* at ¶ 48.) Defendant then called Plaintiff on multiple occasions, beginning in March 2017. (*Id.* at ¶ 49.)

Plaintiff disputed he owed the debt. (*Id.* at ¶ 49.) But Defendant continued to call Plaintiff's cell phone without sending any further documentation, and even caused his phone to ring "at inconvenient times." (*Id.* at ¶ 51.) Defendant left voice messages. (*Id.* at ¶ 52.) Some of these were overheard by persons other than Plaintiff. (*Id.*) And some of these voice messages would "automatically display in text form on the screen of Plaintiff's cell phone," with the result that Plaintiff's adult children and other third parties could see the message. (*Id.* at ¶¶ 54, 56.) Plaintiff alleges he was charged for incoming calls. (*Id.* at ¶ 57.)

During this same period Plaintiff received a "written communication"—colloquially known as a "letter"—from Defendant. (*Id.* at ¶ 59.) This letter was not provided to the Court. Plaintiff called back, spoke with a representative about the unpaid debt, and told the representative that his insurance company should have paid the bill. (*Id.* at ¶ 59.)

Plaintiff filed his complaint on November 12, 2017, seeking, among other things, $1,000 in statutory damages under the FDCPA, 15 U.S.C. § 1692 *et seq.* Defendant now seeks dismissal of the FDCPA claims.

## II.      THE 12(b)(6) STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d. Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

In making this determination, a three-part analysis is needed. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

To prevail on a motion to dismiss, Plaintiff must plead that (1) he is a consumer; (2) Defendant is a debt collector; (3) Defendant's actions were made in an attempt to collect a debt; and (4) Defendant violated a provision of the FDCPA while attempting to collect said debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citing *Piper v. Portnoff Law Associates*, 396 F.3d 227, 232 (3d Cir. 2005)). The first three elements are readily met: Defendant is a debt collector who was attempting to collect a debt from Plaintiff, a consumer.

The primary question, then, is whether Plaintiff's complaint, a jumble of conclusory allegations, adequately pleads a violation of the FDCPA. Plaintiff claims violations of Title 15, sections 1692g, 1692e(10), 1692e(5), 1692f, and 1692c(b).

### A. 1692g

The FDCPA requires a debt collector to include the following information in a debt collection letter to a consumer:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). In turn, section 1692g(b) provides that a debt collector must "cease all collection efforts if the consumer provides written notice that he or she disputes the debt or requests

the name of the original creditor until the debt collector mails either the debt verification or creditor's name to the consumer." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). Put simply, "a dispute must be in writing." *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 148 (3d Cir. 2013) (quoting *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991)).

Plaintiff alleges Defendants violated § 1692g "by failing to cease collection of the debt until verification of the debt was confirmed." (Compl. at ¶ 72.) It is not immediately apparent to which facts Plaintiff refers. But review of the entire complaint reveals that Plaintiff has not pleaded that he made any written request whatsoever. Thus, because Plaintiff's dispute of his debt was merely verbal, it did not trigger section 1692g's verification requirement. As pleaded, Plaintiff fails to allege a violation of section 1692g of the FDCPA.

**B. 1692e(10)**

Section 1692e(10) of the FDCPA prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Plaintiff alleges that Defendant violated § 1692e(10) when it failed to suspend its collection efforts or validate Plaintiff's debt. As with the rest of the complaint, the allegations are divorced from facts indicative of something more than "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. But to the extent Plaintiff relies on Defendant's purported failure to comply with § 1692g as a violation of § 1692e(10)—i.e., a failure to cease contact after an oral, rather than written, request—this Court finds that Plaintiff has failed to state a claim. And to the extent Plaintiff relies on an alternative, unstated theory of "false representation or deceptive means," the Court finds that Plaintiff has failed to put Defendant on notice as to the claims against it.

5

## C. 1692e(5)

Section 1692e(5) of the FDCPA prohibits a debt collector from "threatening to take any action that cannot legally be taken or that is not intended to be taken." Plaintiff alleges the following violation: "Defendants violated 15 U.S.C. § 1692e(5) by stating that Plaintiff was required to contact the insurance company and/or creditor to prove the debt was owed. Defendants violated 1692e(5) by failing to obtain validation of the debt and continuing to collect on the debt." (Compl. at 10.) Plaintiff fails to set forth a single factual allegation that Defendant made any threat, in any matter, at any time, in its interactions with Plaintiff. Plaintiff's two theories—namely, that Defendant told him to contact his insurance company and that Defendant failed to validate the debt in response to an oral communication—are not threatening. The latter, indeed, was not even an obligation imposed by the provisions that Plaintiff has identified. The Court thus finds that Plaintiff has failed to state a claim for a violation of 1692e(5).

## D. 1692c(b)

Finally, Plaintiff alleges that when Defendant left a voice mail message on his phone, it violated the FDCPA, because his phone automatically displayed the voice message in a text format that could be seen by third parties. This appears to be a novel question, but that does not make it a difficult one.

Section 1692c(b) states that "without the prior consent of the consumer . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). A communication must occur with a person other than the consumer to be prohibited by the language of the statute. In addition to the statutory language requiring that the communication be

"with third parties," the statutory definition of "communication" further supports that requirement. A "communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

While there appears to be no Third Circuit precedent regarding the use of voice-mail messages converted into text on cell phones, the Circuit has generally declined to impose liability where a communication is directed specifically at the debtor. *See Davis v. Phelan Hallinan & Diamond PC*, 687 Fed. App'x 140, 144 (3d Cir. 2017) (holding that letter mistakenly sent to a third party did not violate 1692c(b) because it was addressed directly to the debtor). *See also Wisdom v. Wakefield & Assocs., Inc.*, Civ. No. 16-0303, 2016 WL 3747586, at *3 (D. Utah July 11, 2016) (dismissing claim where debt collector sent letter to debtor at father's address and father opened debtor's mail, because there was no allegation that the debt collector addressed the letter to the father or that the two even shared the same name); *Darden v. Trans Union, LLC*, Civ. No. 12-297, 2013 WL 12125739, at *3 (E.D. Tex. Oct. 28, 2013) (granting summary judgment because "though sent to an incorrect location, the letter was specifically addressed to [plaintiff] and should not have been opened by anyone else"); *Segal v. Nat'l Action Fin. Servs., Inc.*, Civ. No. 04-2388, 2006 WL 449176, at *7 (M.D. Fla. Feb. 22, 2006) ("The act of sending one letter addressed to a consumer but sent to the wrong address does not alone appear to indicate a violation by Defendant of § 1692c(b).").

The case here is even clearer than the cases of the for-your-eyes-only letters: unlike the delivery of letters that could be opened and read by third parties, Plaintiff controls his own cell phone, and has not pleaded that Defendant (or anyone else) controls it instead. Whether overheard or textualized, the voice mails on his phone are within his control. Defendant did not communicate with a third party; it communicated with Plaintiff, whose phone—an instrumentality in his

possession, as implicitly acknowledged by the pleadings—was used to convey the message to other people. As such, Plaintiff fails to allege that Defendant communicated with a third party, and his claim under § 1692b(c) is dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An order follows.

Dated:   August 14, 2018                                    /s Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge